UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL C. BOLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. ATTORNEY GENERAL<br>MERRICK GARLAND,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 22-0714 (UNA)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

  Generally, plaintiff faults the Attorney General of the United States for his failure to respond to plaintiff's written demands for an investigation of alleged violations of his civil rights pursuant to the Civil Rights of Institutionalized Persons Act ("CRIPA"), *see* 42 U.S.C. § 1997 *et seq*., committed by an Assistant Attorney General for the State of California and a Clerk of Court, Compl. at 8.  Plaintiff alleges that the Assistant Attorney General "proffered [a] fraudulent certification of [the] trial record to the California Supreme Court," altered trial transcripts "while acting in concert with" a Clerk of Court, and participated in *ex parte* proceedings, "with specific intent . . . to unlawfully deprive [plaintiff] of his appeal issues," making it possible to execute his death sentence "without due process for crimes that were . . . physically [impossible] to commit." *Id.* at 9.  Plaintiff asks this Court to order the Attorney General to respond to his written demands, *see id.* at 10, 11, so that they can "settle all controversial issues and claims," *id.* at 10.

Plaintiff may not bring an action under CRIPA. "CRIPA is a standing statute." *United States v. Erie Cnty., NY*, 724 F. Supp. 2d 357, 366 (W.D.N.Y. 2010) (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 507–08 (1982)); *see United States v. Commonwealth of Pennsylvania*, 902 F. Supp. 565, 578 (W.D. Pa. 1995) ("The plain language of § 1997a(a) reveals that the statute simply confers standing upon the Attorney General, thereby providing authority for the United States to initiate a lawsuit on behalf of mentally retarded persons, and others, who reside or are confined in an institution."), *aff'd sub nom. United States v. Ridge*, 96 F.3d 1436 (3d Cir. 1996). "It permits the Attorney General to institute an action for equitable relief when he has reasonable cause to believe that inmates are being subjected to egregious and flagrant conditions that violate their constitutional rights and that the deprivation is pursuant to a pattern or practice of resistance to inmates' constitutional rights." *Erie Cnty.*, 724 F. Supp. 2d at 366. CRIPA "creates no private right of action, *only* the Attorney General of the United States is authorized to bring actions under" it. *Ravan v. Benton*, No. 20-CV-267, 2021 WL 4270127, at *1 (S.D. Ga. Sept. 2, 2021) (emphasis in original), *report and recommendation adopted*, No. 20-CV-267, 2021 WL 4269877 (S.D. Ga. Sept. 20, 2021); *see Erie Cnty.*, 724 F. Supp. 2d at 366 ("Congress left it to the Attorney General's prosecutorial discretion to determine when an action under the CRIPA is necessary to correct constitutional violations.").

Plaintiff also appears to demand mandamus relief. A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C.

Cir. 2014), is mandamus relief granted. This plaintiff does not address these elements and, therefore, fails to meet his burden. Even if he had, this Court has no authority under the mandamus statute to compel a federal official to undertake a discretionary duty. *See Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

    The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: March 30, 2022

/s/
AMIT P. MEHTA
United States District Judge